# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: July 6, 2021

```
* * * * * * * * * * * *
MARISSA NICOLE COMO,              *        UNPUBLISHED
                                 *
          Petitioner,            *        No. 18-99V
                                 *
v.                               *        Special Master Gowen
                                 *
SECRETARY OF HEALTH              *        Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,              *
                                 *
          Respondent.            *
* * * * * * * * * * * *
```

*Ronald C. Homer*, Conway Homer, P.C., Boston, MA*, for petitioner.*
*Nancy Tinch*, U.S. Department of Justice, Washington, DC*, for respondent.*

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 14, 2021, Marissa Nicole Como ("petitioner") filed a motion for interim attorneys' fees and costs.  Int. Fees App. (ECF No. 74).  I hereby GRANT the motion.  Petitioner is hereby awarded interim attorneys' fees and costs in the amount of $55,872.64.  Petitioner is also reimbursed for costs in the amount of $529.67.

## I.        Procedural History

On January 22, 2018, petitioner, acting *pro se*, initiated her claim in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of receiving a meningococcal

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  This means the opinion will be available to anyone with access to the Internet.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id.*  If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

B vaccination (brand name Trumenba) on February 8, 2015,[3] she developed injuries including but not limited to inflammatory neuropathy, small fiber neuropathy, and chronic fatigue syndrome.  Petition (ECF No. 1) at Preamble, ¶ 14.  Also in January 2018, petitioner's mother contacted the Conway Homer law firm in hopes of securing representation to help pursue the claim.  *See* Fees App at 4.  On February 20, 2018, Ronald C. Homer filed a consented motion to substitute as petitioner's counsel.  (ECF No. 6).  Petitioner, through counsel, subsequently filed medical records, affidavits, and other documentation in support of her claim.  On February 26, 2019, respondent filed his report pursuant to Vaccine Rule 4(c).  *See* Resp. Report (ECF No. 33).  Respondent recommended that compensation be denied, in part on the grounds that the medical records – particularly those from the college student health center and an emergency room visit – established that petitioner's symptoms began *before* her vaccination and did not support a claim for significant aggravation.  Petitioner filed additional evidence regarding onset.  On March 16, 2020, she filed an amended petition which identified her alleged vaccine injury as small fiber neuropathy and providing additional detail and citations to the record.  Amended Petition (ECF No. 55).  On June 30, 2020, I issued findings of fact which concluded that the onset of symptoms was shortly after the vaccination.  Findings of Fact (ECF No. 59).

On July 22, 2020, the parties filed a joint status report providing that respondent would prefer to move forward with expert reports regarding causation.  (ECF No. 60).  Petitioner moved for and was granted several extensions of time, then filed an expert report from neurologist Norman Latov, M.D. on December 18, 2020.  Pet. Ex. 32.  Likewise, respondent moved for and was granted several extensions of time, then filed responsive expert reports from immunologist Stephen Mark Tompkins, M.D., Ph.D. and neurologist Mark B. Bromberg, M.D., Ph.D. in late June 2021.  Resp. Exs. A, B.

On June 14, 2021, petitioner filed the present motion, in which she requests interim attorneys' fees of $40,039.10 and attorneys' costs of $15,833.54, for a total request of $55,872.64.  Int. Fees App. at 1-2.  Additionally, petitioner seeks reimbursement for costs that she personally incurred totaling $529.67.  General Order No. 9 Statement (ECF No. 75); *see also* Int. Fees App. – Tab C.  On June 28, 2021, respondent filed a response which provides that respondent is satisfied that the statutory requirements for attorneys' fees and costs are met in this case.  Int. Fees Response (ECF No. 79) at 3-4.  Petitioner has not filed a reply.  Thus, this matter is ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which

---

[3] Petitioner received the meningococcal B vaccination as part of a comprehensive vaccination effort in response to several cases of meningococcal meningitis at her residential undergraduate campus.  *See generally* Findings of Fact (ECF No. 59).

the claim was brought." § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw*, the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  515 F.3d at 1352.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

Here, the claim has been pending and counsel has been involved for more than 1.5 years. After entering a claim that was initially filed *pro se*, counsel obtained all necessary medical records and gathered additional fact evidence which led to my finding that the onset of petitioner's symptoms was after the meningococcal B vaccination.  Counsel has now proceeded to litigating causation in fact and has filed an initial report from a qualified expert.  The requested fees and costs surpass the minimum thresholds.  Respondent has proceeded to filing responsive expert reports and that a Rule 5 status conference is unlikely to be scheduled in the immediate future.  Based on all of these factors and my preliminary review of both parties' expert reports, I find it appropriate to award interim attorneys' fees and costs at this time.

### III.   Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that

only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 are provided online.[4]

Here, the billing records from Conway Homer P.C. reflect that the majority of attorney work was performed by Mr. Joseph Pepper with supporting work done by Mr. Ronald Homer, Ms. Meredith Daniels, Ms. Christina Ciampolillo, and Mr. Patrick Kelly. The hourly rates for these attorneys, as well as their paralegals, for work performed from 2018 to 2021[5] which have been repeatedly awarded by myself and other special masters. These rates are reasonable for the work performed here and will be awarded without adjustment.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests

---

[4] U.S. Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/node/2914.

[5] The hours billed in calendar year 2021 were for work performed prior to publication of the 2021 fee schedule. No rate increase was requested for this work and the question of appropriate hourly rates for 2021 is therefore not reached.

…. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521. Upon review of the invoice submitted with the petitioners' interim fee application, and my knowledge of the proceedings in the case to date, the number of hours expended appear to be reasonable and adequately documented. Therefore, they will be awarded.

### D.  Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.

Here, petitioner requests that the Conway Homer law firm is awarded $15,833.54 for interim attorneys' costs specifically including postage and obtaining medical records. The most significant cost is for the expert neurologist Dr. Latov's review. His initial report, curriculum vitae, and cited medical literature have been filed as Pet. Exs. 32-71. He billed $500.00 per hour for 30 hours spent on the case, which amounts to $15,000.00. Int. Fee App. at Tab B at 23. Petitioner's counsel has noted that Dr. Latov's rate has been repeatedly approved and awarded in the Vaccine Program. Int. Fee App. at n. 1 (citing e.g., *Cooper v. Sec'y of Health & Human Servs*., No. 18-1885V, 2021 WL 1603672 (Fed. Cl. Spec. Mstr. Mar. 29, 2021); *E.A.C v. Sec'y of Health & Human Servs.*, No. 18-819V, 2021 WL 650518 (Fed. Cl. Spec. Mstr. Jan. 25, 2021); *Sarver v. Sec'y of Health & Human Servs*., No. 15-1207V, 2019 WL 3856864 (Fed. Cl. Spec. Mstr. July 22, 2019); *Stepp v. Sec'y of Health & Human Servs*., No. 14-851V, 2018 WL 793426 (Fed. Cl. Spec. Mstr. Jan. 2, 2018); *Lozano v. Sec'y of Health & Human Servs*., No. 15-369V, 2017 WL 6942528 (Fed. Cl. Spec. Mstr. Dec. 7, 2017)). I find that Dr. Latov's rate and his time spent working on this case is reasonable.

Petitioner herself requests $529.67 in reimbursement for initiating the claim *pro se* and mailing certain medical records to Conway, Homer P.C. for review in advance of their retention agreement. These costs as well are adequately documented and reasonable. Int. Fees App. at Tab C. Accordingly, all of the requested costs are awarded.

### IV.  Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** Accordingly, I award the following:

1)  **A lump sum in the amount of $55,872.64, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel.**

2)  **A lump sum in the amount of $529.67, representing reimbursement for costs that petitioner personally incurred, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[6]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[6] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).